Smith, P. J.
Action to recover damages for personal injuries to the plaintiff alleged to have been caused by the negligence of the defendant. The plaintiff was in the employment of the defendant as a brakeman, and in February, 1884, was engaged upon a coal train running from Rochester to Lyons. On the nineteenth of that month, the train on which the plaintiff was employed, going eastwardly collided with an empty freight car standing on the track. The collision occurred about 5:30 in the evening, about a mile west of the Newark station. The plaintiff was on the engine assisting the fireman, and was severely injured in the collision. The empty car was a grain fine box car, which had been put that day upon a branch or siding of the defendant’s road at the Newark station, and there left standing. There was evidence tending to show that after it was left there, it was blown by the wind to the place where the collision occurred. At the foot of the siding was a switch leading to the main line which opened automatically by the pressure of the wheels of a car moving to the west. By the side of the branch was a warehouse occupied by Perkins & Co., who were engaged in shipping grain in defendant’s cars bv its road. The car referred to was one of three that had been brought from some point west, by defendant’s local freight engine that day, and left near the warehouse. Later in the day the two eastermost cars had been pushed by the warehouse men a little farther east to the grain spouts of the warehouse to be loaded, leaving the car in question standing disconnected from the others. The theory of the plaintiff was that the brake with which the car in question was supplied was defective, and that in con sequence of such defect, the car was pushed or driven on to the main line, where the collision occurred. There was evidence tending to show that the shoes of the brake, which when new, were two inches in thickness, had been worn down to a half inch or less, in thickness, and that such condition had a tendency to prevent the shoes from reaching *614 and grasping the wheel. The defendant’s theory was that the brake was not defective, or, if defective, its condition was not the cause of the car moving on to the main track, and that such movement was the result of the neglect of Perkins & Go’s., men, or of Donk, the defendant’s station and freight agent at Newark or some other of defendant’s employees at the station, to properly set the brake, or take other measures to prevent the car from moving.
The defendant gave evidence tending to show that a month or. more before the collision, its superintendent issued a printed order, addressed to its freight agents, depot and yard masters, and distributed along the road, which was as follows: “You are hereby cautioned against leaving cars on sidings, in a position for the wind to move them, so as to foul the main track. Brakes must be always set firmly and a chock used.” Donk was called as a witness and was examined as to his duties, and as to whether he received a copy of that order. His testimony left it somewhat doubtful whether he received a copy of the order, although he stated that he was of the impression that he did. He also testified that it was his duty to look after the cars at the station, either personally or by his assistants; that he could not always do it himself, because he had other duties to perform; that he ordered the three cars upon the siding for the use of warehousemen, upon their application for cars; that he saw the cars about five o’clock, but could not say from where he saw them, whether they were separated, and he was not aware that they had been separated.
The only questions in the case which, in our opinion, require special comment, arise upon the refusal of the judge to charge certain requests made by defendant’s counsel.. Before taking up those requests it will be useful to see what the judge had charged before the requests were made.
The judge left it to the jury to say whether it was the wind that moved the car from the sidings to the main track, and if it was, whether the wind was enabled to have that effect, by reason of the absence of a brake which was fit and suitable for the purpose of holding the car, and if those facts were established, whether the defendant had exercised all reasonable care to provide against the imperfection from which the accident resulted.
And he instructed the jury in substance, that the defendant is not responsible for the neglect on the pprt of Donk, or any other employee of the company, or of the men engaged in the warehouse; but if the company neglected to furnish a brake for the car, fit and suitable for the purposes of a brake, and such neglect contributed to the injury, the company is hable, although negligence on the part of Donk or some other person, may have contributed to the result.
These instructions were warranted by the evidence, were unexceptionable, and were not excepted to.
The defendant’s counsel made a request to charge in the *615 following language: '' That it was the duty of Donk, the station agent, to see to it that the brake was set, so far as it could be useful to set the same to control the car, and to put a chock under the wheel; and that if he had performed his duty in this respect, although the brake was defective and alone would not have held the car against the wind that arose on the day in question, the accident would not have happened, the defendant is not responsible.” The request was refused and the defendant’s counsel contends that the refusal was error.
We think otherwise, for several reasons. (1.) The question whether the duty of Donk was as assumed by the request, was one of fact, which belonged to the jury There was no evidence that he was under such duty unless it was imposed by the order of the superintendent. The testimony left it doubtful whether he received the order, and the jury alone could determine that question. The judge had told the jury that it was not necessary for the defendant to show that the order came to the notice of Donk. But he was then speaking of the question whether the defendant had neglected to provide its employees with suitable rules governing their conduct in the discharge of their duties. He said that the defendant had exercised reasonable care in that respect, the evidence being undisputed that the superintendent had caused the order to be written, and a copy of it sent out for .each employee, in the manner uniformly employed for communication between the superintendent and the agents of the road. But upon the question whether a particular agent was negligent in omitting to do what was required by the order, it was important to show that the order had been brought to his notice. In respect to Donk, the testimony left that point doubtful, and the question was for the jury. (2.) Even if Donk received the order, the question whether his omission to do what it required, on the occasion in question, was negligence on his part, depended upon the attendant circumstances. He testified that he had other duties to perform; it was for the jury to say whether they so occupied him at that time as to prevent his doing the acts in question. (3.) It was also for the jury to say whether the car would have moved if it had not been separated from the others, and if not, whether Donk knew, or ought to have known, that it was separated. (4.) The last clause of the request is not clear. Did it assume, as a fact, that if Donk had done his duty in the respect stated, the accident would not have happened, or was it intended to convey the proposition that if, in case he had performed his duty, the accident would not have happened, the defendant is not liable, although the brake was defective? Probably the latter; but the request can only be made to express that idea, by transposing some or its words and supplying others. That process the trial judge was not called upon to perform. Eor, on appeal, will such a rendering be resorted to, in order to overturn a judg *616 ment. A request must be in such form that the judge may properly charge in its turn without qualification. Carpenter v. Stillwell, 11 N. Y, 61, 79.
(5). But passing all these considerations, the request was properly declined for a weightier reason. It assumed that if Donk, as well as the defendant, was negligent, the latter was relieved from responsibility. In that respect the request ignored the true rule, which the judge had previously given to the jury, that if the neglect of the defendant concurred with the neglect of the station agent, and contributed to produce the injury, the defendant is responsible. Flike v. Boston and Albany R. Co., 53 N. Y., 549; Booth v. Same, 73 id., 38; Cone v. Del. L. and W. R. R. Co., 81 id., 206; Sheehan v. N. N. C. and H. R. R. R. Co., 91 id., 332; Ellis v. N. Y., L. Erie and W. R. R. Co., 95 N. Y., 546, 553; Stringham v. Stewart, 100 id., 516.
The court was also requested to charge “ that if the brake was out of order it was Donk’s duty to know it, and in that' case it was his imperative duty to use a chock, and that if he had used it, the accident would not have happened, the defendant is not liable.” Many of the considerations above expressed apply to this request and it is unnecessary to repeat them.
The refusal to charge that if but for the interference of Perkins’ men in uncoupling the cars and releasing the brake on one of the cars east of the one in question, the accident would not have happened, the defendant is not liable, was not error. The request assumed that the accident was caused solely by the interference of Perkins’ men, and the court had charged that for their negligence the defendant was not liable. That covered the ground. It was not the duty of the judge to repeat it.
The only other request was to charge that the defendant “ is not hable for the act of Perkins’ men in uncoupling the cars, and loosening the brake on one of them; and if the jury find that the defendant’s agent ought to have known of such uncoupling and loosening of the brake, such knowledge on the part of the agent, or notice, was essential to establish subsequent negligence on the part of the defendant.” The proposition contained in the first branch of the request has already been considered. We are not certain that we correctly apprehend the point of the subsequent clause. What the defendant’s agent ought to have known in the discharge of his duty, he did not know, in contemplation of law, and his knowledge was the knowledge of his principal. But the case was not submitted to the jury, and was not decided upon the theory that the defendant’s agents, knowing of the uncoupling of the cars and the loosening of the brakes, neglected to provide against the consequences that might ensue therefrom. '
The request was therefore of no importance, and the refusal .was not error.
*617 The order appealed from should be affirmed
Haight and Bradley, JJ., concur.